IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  15-cv-02781-REB-MJW

MONEYGRAM PAYMENT SYSTEMS, INC.,

Plaintiff,

v.

RASHID SULEHRI;
MUHAMMAD KAMRAN;
RASHID SULEHRI and MUHAMMAD KAMRAN d/b/a TANK N TUMMY; and
JAV 3 LLC,

Defendants.

## ORDER
## on
## PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE AGAINST DEFENDANTS RASHID SULEHRI AND MUHAMMAD KAMRAN
## (Docket No. 15)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff moves for leave to serve Defendants through substituted service under Fed. R. Civ. P. 4(h)(1)(A) and Colo. R. Civ. P. 4(f)(1).  (Docket No. 15.)  For the following reasons, the Court DENIES the motion without prejudice.

### Background

Plaintiff filed his Complaint on December 22, 2015.  (Docket No. 1.)  On January 7, 2016, and February 5, 2016, the Clerk of Court issued summonses.  (Docket Nos. 9 & 11.)  So far, Defendant has not appeared.

2

On February 5, 2016, Plaintiff moved to reset the Scheduling Conference (Docket No. 12), showing:

- "The designated registered agent with Colorado Secretary of State for Defendant JAV 3 LLC is Javaria Sulehri.  Javaria Sulehri is the wife of Defendant Rashid Sulehri.  Despite being listed as the registered agent, there is no such individual at the designated agent's address."  (*Id.* ¶ 2.)

- The Otero County Sheriff's Office "attempted to serve the registered agent, Javaria Sulehri, and her husband, Defendant Rashid Sulehri on several occasions" but has "been unable to locate either party in Otero County, Colorado" because "both Javaria Sulehri and her husband, Defendant Rashid Sulehri are no longer in Otero County, Colorado and have relocated to an undisclosed location in the State of New York."  (*Id.* ¶ 3.)

- Defendant Kamran had not yet been served due to a clerical error by Plaintiff's counsel.  (*Id.* ¶ 5.)

On March 18, 2016, Plaintiff moved to allow substituted service on the individual defendants, Defendants Sulehri and Kamran (Docket No. 15), adding:

- Defendants signed a contract with Plaintiff, identifying (1) an address in Rocky Ford, CO as the address of Defendant Sulehri and of Defendant JAV 3 LLC; (2) an address in Chickasaw, OK as the address of Defendant Kamran; and (3) a convenience store in Rocky Ford, CO as the place of business under the contract.  (Docket No. 17-1.)

- Service at those addresses has failed.  (Docket Nos. 17-2, 17-6, 17-7 & 17-8.) It appears that the LLC no longer maintains a registered agent in the State of Colorado.  (*See* Docket Nos. 17-2 & 17-5.)

- Telephone calls to known numbers for Defendant Sulehri have proven fruitless.  (Docket No. 17-3 ¶¶ 1-3.)

- Telephone calls to known numbers for Defendant Kamran have reached (1) an unknown individual who stated that Defendant Kamran is in Pakistan, and (2) Defendant Kamran himself, who stated that he is in Pakistan but maintains a permanent address at a motel in Fowler, CO.  (*Id.* ¶¶ 4-7, 14-16.)

- An investigator hired by Plaintiff believes Defendant Kamran may be in Texas.  (*Id.* ¶¶ 12-13.)

- The clerk at the convenience store in Fowler, CO stated over the phone that she has not seen Defendant Sulehri in over a year, does not know who

      Defendant Kamran is, and believes an individual named Ed Sultan owns the convenience store.  (Docket No. 17-3 ¶¶ 8-11.)

- Mr. Sultan appears to own the convenience store at issue.  (Docket No. 17-4.)

### **Legal Standards**

Under the Federal Rules of Civil Procedure, service may be made upon a party (1) as provided for under state law, (2) by personal in-hand service, (3) by leaving process with an appropriate individual at the party's residence, or (4) by serving an authorized representative.  Fed. R. Civ. P. 4(e).  The Colorado Rules of Civil Procedure add a few more options.  First, an individual can be served by leaving the process "at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent."  Colo. R. Civ. P. 4(e)(1).  Second, for a business entity, process can be served "by delivering a copy thereof" on any officer, partner, trustee, or functionally equivalent person.  Colo. R. Civ. P. 4(e)(4).  Finally, Colorado allows for "substituted service" upon another person in lieu of the party, in certain circumstances:

> **[4](f) Substituted Service**.  In the event that a party attempting service of process by personal service under section (e) is unable to accomplish service, and service by publication or mail is not otherwise permitted under section (g), the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service.  The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected.  *If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective*, it shall:

> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery.  Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. Pro. 4(f) (emphasis added).

"The effectiveness of substituted service of process rests on the presumption that notice will be given in a manner which is reasonably calculated to impart knowledge to the person who is to be notified."  *In re Marriage of Eisenhuth*, 976 P.2d 896, 899 (Colo. App. 1999).  "Procedures must be such as are reasonably calculated to apprise the defendants of the action pending against them and to afford to them an opportunity to be heard."  *Clemens v. Dist. Court of City & Cty. of Denver*, 390 P.2d 83, 86 (1964).

## Discussion

Plaintiffs have established neither (1) due diligence, nor (2) that Mr. Sultan is an appropriate person for substituted service.

First, Plaintiff provides no explanation of what efforts (if any) have been made to locate the Sulehris in New York.  Further, despite noting that Mr. Sulehri appears to own other convenience stores in southeastern Colorado (see Docket No. 17-4, p.4), Plaintiff does not describe any efforts to contact those locations.

Second, the Plaintiffs have described no efforts to communicate with Mr. Sultan, nor to identify a business relationship between Mr. Sultan and Defendants (ongoing or otherwise).  For all that appears in the record, Mr. Sultan has always owned the convenience store in question, and Defendants used his address fraudulently without his knowledge.  While that explanation is perhaps unlikely, it highlights the problem with

5

Plaintiff's motion: there is nothing in the record establishing any reason to assume that Mr. Sultan will (or can) impart actual knowledge of this suit to Defendants.

## **Order**

For the foregoing reasons, it is hereby ORDERED that Plaintiff's Motion for Substituted Service Against Defendants Rashid Sulehri and Muhammad Kamran (Docket No. 15) is DENIED WITHOUT PREJUDICE.

Dated:   March 28, 2016          */s/ Michael J. Watanabe*
         Denver, Colorado        Michael J. Watanabe
                                 United States Magistrate Judge